UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JACQUES D. SHORTER, )
)
       Plaintiff, )
)
  vs. )    CV 96-L-2949-S
)
NATIONAL COMPUTER PRINT, )
INC.; BLUE CROSS AND BLUE )
SHIELD OF ALABAMA; )
NATIONAL COMPUTER PRINT )
INC. GROUP MEDICAL PLAN )
GROUP #16983, PLAN #003, )
)
       Defendants. )

ENTERED

JUL 9 1997

### FINDINGS OF FACT
### AND
### CONCLUSIONS OF LAW

     This cause came on for trial before this court, without the intervention of a jury, on July 7, 1997 upon the pleadings, the order of pretrial conference, and the evidence and exhibits. The court enters the following findings of fact and conclusions of law:

### Findings of Fact

     1. At the time in question, plaintiff Jacques D. Shorter was employed full time by National Computer Print, Inc. ("NCP").

     2. NCP maintains an employee benefit plan for its full-time employees and their eligible dependents. The NCP plan is a self-funded plan under which Blue Cross and Blue Shield of Alabama

("Blue Cross") serves as the administrator. For its role as an administrator, Blue Cross is paid 8.46% of all claims which are paid; Blue Cross receives no payment on claims which are denied.

3. The NCP plan provides, "By submitting a claim for benefits you agree that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary or capricious will be final."

4. The NCP plan excludes coverage for preexisting conditions. Plaintiff suffered from the preexisting condition of hypertension. Thus the NCP plan does not cover plaintiff's hypertension.

5. The NCP plan also provides that benefits are available only if the services or supplies are medically necessary. To be medically necessary, services or supplies must be determined by Blue Cross to have been--among other requirements--performed in the least costly setting required by the medical condition.

6. On the evening of October 11, 1994, plaintiff went to the Emergency Room at Baptist Medical Center ("BMC") complaining of burning abdominal pain and nausea. While being evaluated by an Emergency Room nurse, plaintiff was found to have a dangerously elevated blood pressure level.

7. While in the Emergency Room, the intensive care unit, and in a normal patient room, plaintiff received treatment for his hypertension. Plaintiff also received seven procedures or medicines which were related to plaintiff's abdominal pain, a condition which was not excluded as preexisting. These seven items

included a pink cocktail ($8.00), Phenergan ($26.00), urinalysis ($48.00), lipase ($67.00), CBC ($67.00), AP Abdomen X-ray ($90.00), and Chest X-ray ($87.00). The total amount charged for these procedures is $393.80. Plaintiff was in the hospital for three days.

  8. Under Blue Cross' agreement with BMC, inpatient services are reimbursed by the NCP plan at the rate of $1160.00 per day. Thus for his three days of hospitalization, the NCP plan would have paid BMC $3480.00. Further, the NCP plan provides for reimbursement of eighty percent of outpatient services. Thus, if plaintiff's treatment for abdominal pain had been provided on an outpatient basis, the NCP plan would have paid $314.40.

  9. Blue Cross denied payment for the inpatient treatment of hypertension because it was a preexisting condition. Further, it denied payment for the inpatient treatment of abdominal pain as not being medically necessary since the treatment was not provided in the least costly setting required by the abdominal pain. Under its agreement with BMC and because the abdominal pain was treated on an inpatient basis, if Blue Cross had determined that the plan sub judice covered the treatment for abdominal pain, it would have had to pay BMC $3480.00. However, if not for the preexisting hypertension, the abdominal treatment could have been provided on an outpatient basis, and the NCP plan could have paid $314.40. Thus Blue Cross reasoned that the treatments for abdominal pain were not provided in the least costly setting.

3

## Conclusions of Law

1.  This court has jurisdiction of this action and of the parties thereto.

2.  The NCP employee benefit plan is an employee welfare benefit plan maintained by NCP for the purpose of providing participants with coverage for certain medical, surgical, and hospitalization expenses. 29 U.S.C. § 1002(1). This employee welfare benefit plan is also an employee benefit plan, 29 U.S.C. § 1002(3), and as such it is subject to the provisions found in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq. 29 U.S.C. § 1003(a).

3.  As a full-time employee of NCP, plaintiff is a participant in the NCP plan at issue sub judice.

4.  In determining whether the claim for benefits was properly denied, the claim "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Eleventh Circuit has held that the arbitrary and capricious standard of review applied to a Blue Cross policy which stated, "As a condition precedent to coverage, it is agreed that whenever [Blue Cross] makes reasonable determinations which are not arbitrary and capricious in the administration of the [plan] ..., such determinations shall be final and conclusive." Lee v. Blue Cross/Blue Shield of Alabama, 10 F.3d 1547, 1549-50 (11th Cir.

1994); Brown v. Blue Cross and Blue Shield of Alabama, Inc., 898 F.2d 1556, 1559 (11th Cir. 1990), cert. denied, 498 U.S. 1040 (1991). Similarly, the plan sub judice states, "By submitting a claim for benefits you agree that any determination Blue Cross makes in deciding claims or administering the contract that are reasonable and not arbitrary and capricious will be final." While this passage is not identical to those which the Eleventh Circuit has held to confer arbitrary and capricious review, the meaning is the same. Thus plaintiff's claim for benefits is subject to review under the arbitrary and capricious standard when examining both findings of fact and plan interpretations. See Buckley v. Metropolitan Life, No. 96-6125, 1997 WL 307004, at *4 (11th Cir. June 24, 1997)(stating that the same Firestone-based standards of review apply to factual findings as well as plan interpretations).

     5.   The arbitrary and capricious standard requires the court to look only to the facts known to Blue Cross at the time the decision was made to deny coverage of plaintiff. Lee, 10 F.3d at 1550; Jett v. Blue Cross and Blue Shield of Alabama, Inc., 890 F.2d 1137, 1139 (11th Cir. 1989). First, the court must determine if plaintiff has proposed a sound interpretation of the plan to rival Blue Cross' interpretation. Florence Nightingale Nursing Service, Inc. v. Blue Cross/Blue Shield of Alabama, 41 F.3d 1476, 1481 (11th Cir.), cert. denied, 115 S. Ct. 2002 (1995); Lee, 10 F.3d at 1550; Brown, 898 F.2d at 1570. If the claimant has established a reasonable interpretation, the court must determine whether Blue Cross was arbitrary and capricious in adopting a different

interpretation. <u>Florence Nightingale</u>, 41 F.3d at 1481; <u>Lee</u>, 10 F.3d at 1550; <u>Brown</u>, 898 F.2d at 1570. "A wrong but apparently reasonable interpretation is arbitrary and capricious if it advances the conflicting interest of the fiduciary at the expense of the affected beneficiary ... unless the fiduciary justifies the interpretation on the ground of its benefit to the class of all participants and beneficiaries." <u>Lee</u>, 10 F.3d at 1550 (quoting <u>Brown</u>, 898 F.2d at 1566-67.

6. Blue Cross did not act in an arbitrary and capricious manner when it determined that the claims relating to abdominal pain were due to be denied because they were not medically necessary. Plaintiff's abdominal pain did not require him to be treated on an inpatient basis. However, if the plan were to pay the charges at issue, Blue Cross' contract with BMC requires that payment could only be made at the inpatient rate. Because payment at the inpatient rate is more costly than payment at the outpatient rate, the treatment for plaintiff's abdominal pain was not provided in the least costly setting required by plaintiff's abdominal pain.

DONE this 9th day of July 1997.

_____
SENIOR JUDGE

6